## Case No. 9,283.

### The MATTEAWAN.

[4 Ben. 106.] [1]

District Court, E. D. New York. March, 1870.

COLLISION—NEW YORK HARBOR—FOG—STEAM-BOAT AND SLOOP.

Where a steamboat in the harbor of New York was proceeding in a dense fog, running close shut off, when she heard a fog horn off her starboard bow from a sloop which was working by sweeps, from an unsafe anchorage in the Narrows, towards the east shore of the bay, and on hearing the horn the engine of the steamboat was stopped, but was not backed, and she was allowed to drift, and the two vessels came in collision. Held, that the steamer was in fault for not backing; the sloop was not in fault for being under way in a fog.

[See The Aleppo, Case No. 157.]

In admiralty.

Benedict & Benedict, for libellant.
Beebe, Donohue & Cooke, for claimant.

BENEDICT, District Judge. On the afternoon of the 16th of March, 1868, the steamboat Matteawan bound from New York to Key Port, was proceeding down the bay in a dense fog, and the sloop Fame was working by sweeps from an unsafe anchorage in the Narrows to a place of greater safety, on the east shore of the bay. There was at the time but little wind. A fog horn was constantly blown from the sloop, and a whistle constantly sounded from the steamboat. While the steamboat was running shut off close, she heard the sloop's horn, and her engine was at once stopped, but no stern way was given her, and she was allowed to drift. Shortly, the sloop appeared through the fog a very short distance away. It was then too late for the steamboat to avoid her, and so the vessels came in contact. As to these facts, there is no dispute, but on the part of the claimant it is insisted that upon these facts, under the ruling of the circuit court in the case of The Sylph [Case No. 13,711], there can be no recovery, in as much as both vessels had undertaken to move in a dense fog.

The case of The Sylph, was a case of collision between two steamboats, in a fog, where both vessels stopped and were backing at the blow. The court below considered, that the nature of the blow indicated that The Sylph had not checked her way as much as possible, and she was accordingly in fault. The court above, however, held, that such negligence on the part of The Sylph could not be deduced from the evidence, and added, that the court would not feel bound to examine into conflicting testimony with great closeness, when both the vessels had deliberately undertaken to navigate the bay in a dense fog.

Neither the adjudication of the case of The Sylph [supra], nor the remark of the court, which I have quoted, have any bearing upon a case like this. Here it is shown by the pilot and engineer of the steamboat that, although they were running in a dense fog, and made aware of the presence of an approaching vessel by her horn, they omitted to give their vessel sternway, as they had abundant opportunity to do, but, on the contrary, allowed her to drift down upon the approaching vessel, and so caused the collision. In a fog, a steamboat cannot, under ordinary circumstances, take any chances; she must exercise all the precaution possible, and it was a clear duty on the part of the pilot of the steamboat, under the circumstances, on hearing the horn of the sloop, at once to give his vessel sternway, instead of which he allowed her to drift, and she thus came under the bows of the sloop. This negligence must render her liable for the damages sustained by the sloop. Let a decree be entered accordingly, with an order of reference to ascertain the amount.